# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAVATEC LAUNDRY TECHNOLOGY GMBH, | Civil Action No. 3:18-cv-02108-SRU |
| Plaintiff | |
| v. | |
| MAXI-PRESS ELASTOMERIC, INC. ET AL | April 26, 2019 |
| Defendants | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS VOSS LAUNDRY SOLUTIONS, INC., WIEAP BEHEER B.V., AND FINLOG SA

Defendants Voss Laundry Solutions, Inc. ("Voss"), Wieap Beheer B.V. ("Wieap") and Finlog SA ("Finlog") (collectively "Defendants"), by their undersigned counsel, hereby respectfully submit the following Answer and Affirmative Defenses to the Complaint dated December 21, 2018 ("Complaint") filed by Plaintiff, Lavatec Laundry Technology, GmbH ("Plaintiff" or "LLT").

## ANSWER

### I.  NATURE OF THE ACTION

1.  Voss admits the existence of the matter captioned Lavatec Laundry Technology GmbH v. Voss Laundry Solutions, Inc., et al., Docket No. 3:13-cv-00056 (SRU).  Voss lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

2. Voss admits the allegations contained in the first sentence of this paragraph. Voss denies the remaining allegations of this paragraph. Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

3. Voss admits the existence of a Ruling and Order dated January 9, 2018, which speaks for itself and which is the best evidence of its contents. Defendants Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

4. Denied as to Voss. Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

5. Denied.

6. Denied as to Voss. Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

7. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

8. Denied.

## II.   PARTIES

9. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

10. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

11. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

13. Admitted.

14. Voss admits it was owned 50% by Lapauw.  Voss admits that Philippe D'heygere had an interest in Lapauw. Voss lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

15. Finlog denies the first sentence of this paragraph. Finlog admits that Philippe D'heygere is an owner of Finlog but denies the remaining allegations of this paragraph.  Voss and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

16. Admitted by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

17. Wieap admits the first sentence of this paragraph.  Wieap admits that Willem and/or Albert Goudkuil have an ownership interest in Wieap.  Wieap denies the remaining allegations of this paragraph.  Finlog and Voss lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

**III.    JURISDICTION AND VENUE**

18. Admitted that Defendants are domiciled in Connecticut, Luxembourg and the Netherlands. The remaining allegations state a legal conclusion to which no response is necessary; to the extent a response is necessary, the paragraph is denied.

19. This paragraph states a legal conclusion to which no response is necessary; to the extent a response is necessary, the paragraph is denied.

20. This paragraph states a legal conclusion to which no response is necessary; to the extent a response is necessary, the paragraph is denied.

21. This paragraph states a legal conclusion to which no response is necessary; to the extent a response is necessary, the paragraph is denied.

22. This paragraph states a legal conclusion to which no response is necessary; to the extent a response is necessary, the paragraph is denied.

## IV.    FACTUAL BACKGROUND

23. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

24. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

25. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

26. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

27. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

28. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

29. Admitted by Voss and Wieap. Finlog lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

30. Admitted by Voss and Wieap. Finlog lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

31. Voss and Finlog admit that at some point in time, Lapauw became a 50% owner of LI. Voss and Finlog lack knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.  Wieap lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

32. Voss admits that the Infringement Action was commenced but denies that it engaged in the conduct alleged in the Infringement Action.  Defendants Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

33. Voss admits that the Court so found but denies that it engaged in the conduct alleged in the Infringement Action.  Defendants Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

34. Admitted by Voss.  Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

35. Voss admits that the parties engaged in court assisted mediation. Voss denies the remaining allegations of this paragraph.  Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

36. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

37. Voss admits that at some point in time, it entered into a Letter of Intent which speaks for itself and is the best evidence of its contents. Voss denies the remaining allegations of this paragraph.  Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

38. Voss admits that at some point in time, it entered a due diligence period and engaged in due diligence in good faith. Voss denies the remaining allegations of this paragraph. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

39. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

40. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

41. Voss admits that at some point in time, the parties reported to the Court that the settlement had fallen through and that the Court scheduled a hearing in damages. Voss denies the remaining allegations of this paragraph. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

42. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

43. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

44. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

45. Voss denies that Mr. Schmelcher was a sales and service employee of Voss but admits that at some point in time he was an employee of Voss. Voss admits that at some point in time, Mr. Alejandro was an employee of Voss. Voss denies the remaining allegations of this paragraph. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

46. Denied.

47. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

48. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

49. Admitted by Voss.  Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

50. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

51. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

52. Admitted by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

53. Defendants deny the first sentence of this paragraph. Voss admits the existence of the Promissory Note which speaks for itself and is the best evidence of its contents. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

54. Voss admits the existence of the Side Letter which speaks for itself and is the best evidence of its contents. Voss denies the remaining allegations of this paragraph.  Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

55. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

56. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

57. Voss admits that after the execution of the APA, some inventory remained at the Voss warehouse. Voss lacks knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

58. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

59. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

60. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

61. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

62. Voss admits the existence of the APA which speaks for itself and is the best evidence of its contents. Voss denies the remaining allegations of this paragraph.  Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

63. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

64. Admitted by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

65. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

66. Admitted by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

67. Denied that Voss, Wieap and Finlog are "affiliates." Denied that Finlog is "beneficially owned" by Willem Goudkuil or Albert Goudkuil.  Denied that Wieap is beneficially owned by Philippe D'heygere. The remaining allegations are admitted.

68. Voss admits the existence of the Fourth Contempt Motion. Voss denies the remaining allegations of this paragraph.  Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

69. Voss admits the existence of the documents alleged. Voss denies the remaining allegations of this paragraph.  Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

70. Voss admits the existence of the Promissory Note which speaks for itself and is the best evidence of its contents. Voss admits that Maxi-Press wired $350,000 to Voss on or about May 3, 2017. Voss denies the remaining allegations of this paragraph.  Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

71. Denied that Voss, Wieap and Finlog are "affiliates". The remaining allegations are admitted.

72. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

73. Denied.

74. Admitted by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

75. Admitted by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

76. Denied.

77. Denied that Voss, Wieap and Finlog are "affiliates". The remaining allegations are admitted.

78. Denied that Voss, Wieap and Finlog are "affiliates". The remaining allegations are admitted.

79. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

80. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

81. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

82. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

83. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

84. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

85. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

86. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

87. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

88. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

89. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

90. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

91. Admitted by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

92. Voss admits that Mr. Alejandro worked for Voss but denies the remaining allegations of this paragraph. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

93. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

94. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

95. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

96. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

97. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

98. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

99. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

100. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

101. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

102. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

103. Admitted by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

104. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

105. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

106. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

107. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

108. Denied by Voss. Finlog and Wieap lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

109. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

110. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

111. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

112. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

113. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

114. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

115. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

116. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

117. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

118. Defendants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

## FIRST CAUSE OF ACTION
Successor Liability
(as to Maxi-Press)

119. Defendants repeat and reassert their responses to paragraphs 1-118 hereof as if fully set

forth herein.

120-122. Paragraphs 120-122 are not directed to Defendants and do not require a response.

To the extent a response is required, these paragraphs are denied.


## SECOND CAUSE OF ACTION
Intentional Fraudulent Transfer
(as to all Defendants)

123. Defendants repeat and reassert their responses to paragraphs 1-122 hereof as if fully set

forth herein.

124. Denied by Voss.  Wieap and Finlog lack knowledge or information sufficient to form a

belief as to the allegations of this paragraph.

125. Denied.

126. Denied by Voss.  Wieap and Finlog lack knowledge or information sufficient to form a

belief as to the allegations of this paragraph.

127. Denied.

128. Denied by Voss.  Wieap and Finlog lack knowledge or information sufficient to form a

belief as to the allegations of this paragraph.

129. Denied.

**THIRD CAUSE OF ACTION**
Constructive Fraudulent Transfer
(as to all Defendants)

130. Defendants repeat and reassert their responses to paragraphs 1-129 hereof as if fully set forth herein.

131. Denied as to Voss.  Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

132. Denied as to Voss.  Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

133. Denied as to Voss.  Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

134. Denied as to Voss.  Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

135. Denied.

**FOURTH CAUSE OF ACTION**
Fraudulent Transfer to Insiders
(as to Voss and the Voss Affiliates[1])

136. Defendants repeat and reassert their responses to paragraphs 1-135 hereof as if fully set forth herein.

137. Denied.

138. Denied.

---

[1] Defendants deny that Voss, Wieap and Finlog are "affiliates".

139. Denied.  <u>See</u> footnote 1, <u>supra</u>.

140. Denied.

141. Denied as to Voss.  Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

142. Denied.

143. Denied.

## FIFTH CAUSE OF ACTION
### Intentional Fraudulent Transfer
### (as to Voss and Voss Affiliates)

144. Defendants repeat and reassert their responses to paragraphs 1-143 hereof as if fully set forth herein.

145. Denied as to Voss.  Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

146. Denied.

147. Denied.

148. Denied.  <u>See</u> footnote 1, <u>supra</u>.

149. Denied.

## SIXTH CAUSE OF ACTION
### Constructive Fraudulent Transfer
### (as to Voss and the Voss Affiliates)

150. Defendants repeat and reassert their responses to paragraphs 1-149 hereof as if fully set forth herein.

151. Denied.

152. Denied as to Voss.  Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

153. Denied as to Voss.  Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

154. Denied as to Voss.  Wieap and Finlog lack knowledge or information sufficient to form a belief as to the allegations of this paragraph.

155. Denied.

**SEVENTH CAUSE OF ACTION**
Trademark Infringement and Unfair Competition
(as to the Maxi-Press Defendants)

156. Defendants repeat and reassert their responses to paragraphs 1-155 hereof as if fully set forth herein.

157-162. Paragraphs 157-162 are not directed to Defendants and do not require a response.  To the extent a response is required, these paragraphs are denied.

**EIGHTH CAUSE OF ACTION**
Unfair Competition and False Designation of Origin
(as to the Maxi-Press Defendants)

163. Defendants repeat and reassert their responses to paragraphs 1-162 hereof as if fully set forth herein.

164-171. Paragraphs 164-171 are not directed to Defendants and do not require a response.  To the extent a response is required, these paragraphs are denied.

**NINTH CAUSE OF ACTION**
Common Law Unfair Competition
(as to the Maxi-Press Defendants)

172. Defendants repeat and reassert their responses to paragraphs 1-171 hereof as if fully set forth herein.

173-179.    Paragraphs 173-179 are not directed to Defendants and do not require a response. To the extent a response is required, these paragraphs are denied.

**TENTH CAUSE OF ACTION**
Violation of the Connecticut Unfair Trade Practices Act
(as to the Maxi-Press Defendants)

180. Defendants repeat and reassert their responses to paragraphs 1-179 hereof as if fully set forth herein.

181-186. Paragraphs 181-186 are not directed to Defendants and do not require a response. To the extent a response is required, these paragraphs are denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted as to all counts directed to the Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged remedies are limited to the extent Plaintiff seeks overlapping and duplicative recovery based on its claims, which would result in unjust enrichment to the Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the alleged actions taken by Defendants, to the extent they occurred, were reasonable based upon independent, legitimate business and economic justifications, and without any purpose or intent to injure, hinder or delay creditors.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the alleged actions taken by Defendants, to the extent they occurred, were taken in good faith and were a lawful exercise of sound discretion of Defendants' legal rights and were based on a rational and reasonable consideration of facts at the time.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff was not a creditor of any of the Defendants at the time the alleged fraudulent transfers occurred.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because, to the extent the alleged transfers occurred, reasonable value was obtained for each of the alleged transfers.

**NINTH AFFIRMATIVE DEFENSE**

{N5584048}                                      19

Plaintiff's claims are barred in whole or in part because Defendants are not insiders or affiliates as those terms are defined by the Connecticut General Statutes.

## RESERVATION OF RIGHTS TO ALLEGE OTHER AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any other additional defenses that are supported by information or facts learned through discovery or any other means during the case and expressly reserve the right to amend this pleading to assert such additional affirmative defenses in the future.

Respectfully submitted,

DEFENDANTS
VOSS LAUNDRY SOLUTIONS, INC., FINLOG SA, and WIEAP BEHEER B.V.,


By:   /s/ Amanda C. Nugent
      Amanda C. Nugent (ct27584)
      Carmody Torrance Sandak & Hennessey LLP
      195 Church Street, 18th Floor
      P.O. Box 1950
      New Haven, CT 06509-1950
      Telephone: (203) 777-5501
      Facsimile:  (203) 784-3199
      Email:  anugent@carmodylaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify a copy of the foregoing Answer and Affirmative Defenses was filed electronically on the above date.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/s/ Amanda C. Nugent<br/>Amanda C. Nugent (ct27584)