UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------- X
LAVATEC LAUNDRY TECHNOLOGY GMBH, :
:
      Plaintiff, :
  v. :
: Civil Action No:
MAXI-PRESS ELASTOMERIC, INC., VOSS LAUNDRY : 3:18-cv-02108-JBA
SOLUTIONS, INC., REINER SCHMELCHER, HECTOR :
ALEJANDRO, FINLOG SA, WIEAP BEHEER B.V., :
:
      Defendants. :
: May 30, 2019
---------------------------------------------------------------------- X

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on May 2, 2019. The participants were:

| | |
|---|---|
| David A. Slossberg & David C. Shufrin | for Plaintiff (hereafter "Plaintiff") |
| John F. Carberry, Juliet Bonazzoli, & Moritz Schumann | for Defendants Maxi-Press Elastomeric, Inc., Reiner Schmelcher and Hector Alejandro (hereafter "Maxi-Press Defendants") |
| Amanda Nugent | for Defendants Voss Laundry Solutions, Inc, Finlog SA and Wieap Beheer B.V. |

### I.   Certification

Undersigned counsel certify that, after consultation with their clients, that a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and b) that they have developed the

{N5592547}

following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients. .

**II.     Jurisdiction**

   A.     Subject Matter Jurisdiction

   This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000.00, excluding interest and costs. Plaintiff is domiciled in Germany and Defendants are domiciled in Connecticut, Luxembourg, and The Netherlands.

   Jurisdiction is further conferred on this Court pursuant to § 39(a) of the Lanham Act, 15 U.S.C. § 1121(a); § 1125; 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a); and 28 U.S.C. § 2201(a).

   B.     Personal Jurisdiction

   Defendants, Maxi-Press Elastomeric, Inc., Reiner Schmelcher and Hector Alejandro (the "Maxi-Press Defendants") do not contest personal jurisdiction. Defendant, Voss Laundry Solutions, Inc. ("Voss"), Finlog SA ("Finlog") and Wieap Beheer B.V. ("Wieap") do not contest personal jurisdiction.

**III.    Brief Description of Case**

   A.     Claims of Plaintiff

   Plaintiff brings this action as part of its continuing efforts to protect its name and trademark from unauthorized use and to enforce the January 19, 2018 Judgment (the

"Judgment") issued by this Court (Underhill, J.) in Lavatec Laundry Tech. Gmbh et al. v. Voss Laundry Solutions, Inc. et al., 3:13-cv-00056-SRU (the "Prior Action").

In this action, Plaintiff seeks to hold Defendant, Maxi-Press Elastomeric, Inc. ("Maxi-Press"), liable for the Judgment under a theory of successor liability. As alleged in the Complaint, Maxi-Press has engaged in the same spare parts business as Voss, with the same employees selling the same products to the same customers and relying on the same vendors. Like Voss's operation, Maxi-Press's business has infringed on the Plaintiff's trademark, the ownership of which was established in the Prior Action. As such, Plaintiff also seeks damages and injunctive relief against the Maxi-Press Defendants based on allegations of trademark infringement, false designation of origin, unfair trade practices, and unfair competition relating to the Maxi-Press Defendants' operation of a spare parts business.

Additionally, the Plaintiff seeks to avoid certain fraudulent transfers made by Voss to (1) Finlog SA and Wieap Beheer B.V. (the "Voss Affiliates") and (2) the Maxi-Press Defendants. These fraudulent transfers drained Voss of its assets for the benefit of its insiders, leaving the Plaintiff unable to collect any portion of the Judgment.

B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant(s)

*By the Maxi-Press Defendants:*

Defendants have raised the following Affirmative Defenses: (1) Defendants entered into a valid Asset Purchase Agreement dated March 7, 2017 (the "APA") with Defendant Voss Laundry Solutions, Inc., paid reasonably equivalent value in connection with the APA, and are bound by its terms; (2) Plaintiff has failed to mitigate its damages; (3) Plaintiff's claims are

barred by the doctrine of unclean hands; (4) Plaintiff's claimed amount of damages, if any, are to be offset by damages Defendants have incurred as a result of Plaintiff's acts as set forth in Defendants' Counterclaims; and (5) Plaintiff has failed to state a claim upon which relief may be granted as to all counts.

Defendants also have raised certain Counterclaims to Plaintiffs' Complaint. Specifically, Defendants entered into an APA with Defendant Voss Laundry Solutions, Inc. for the purchase of Voss's spare parts inventory. Defendants paid reasonably equivalent value in exchange for the inventory. Lavatec has willfully interfered with Defendants' right to act in accordance with the APA. Additionally, Lavatec employees falsely and maliciously have made disparaging remarks about Defendants' products, including to Defendants' customers. Defendants allege that Plaintiff's conduct constitutes: (1) violation of the Connecticut Unfair Trade Practices Act, (2) common law unfair competition, (3) tortious interference with contract, (4) tortious interference with a business expectancy, and (5) slander.

### *By Voss, Finlog and Wieap:*

Voss, Finlog and Wieap categorically deny the claims of the complaint that are directed to them. [See Answer, Doc. #51; Memorandum of law in Support of Motion to Set Aside Defaults, Doc. #41-1]. These defendants have asserted the following affirmative defenses: 1) Plaintiff has failed to state a claim upon which relief can be granted; 2) Plaintiff has failed to mitigate its damages; 3) Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands; 4) Plaintiff's alleged remedies are limited to the extent Plaintiff

4

seeks overlapping and duplicative recovery based on its claims, which would result in unjust enrichment to the Plaintiff; 5) Plaintiff's claims are barred in whole or in part because the alleged actions taken by Defendants, to the extent they occurred, were reasonable based upon independent, legitimate business and economic justifications, and without any purpose or intent to injure, hinder or delay creditors; 6) Plaintiff's claims are barred in whole or in part because the alleged actions taken by Defendants, to the extent they occurred, were taken in good faith and were a lawful exercise of sound discretion of Defendants' legal rights and were based on a rational and reasonable consideration of facts at the time; 7) Plaintiff's claims are barred to the extent that Plaintiff was not a creditor of any of the Defendants at the time the alleged fraudulent transfers occurred; 8) Plaintiff's claims are barred in whole or in part because, to the extent the alleged transfers occurred, reasonable value was obtained for each of the alleged transfers; 9) Plaintiff's claims are barred in whole or in part because Defendants are not insiders or affiliates as those terms are defined by the Connecticut General Statutes.

Voss, Finlog and Wieap have also reserved the right to assert any other additional defenses that are supported by information or facts learned through discovery or any other means during the case and to amend their pleading accordingly.

C. <u>Defenses and Claims of Third Party Defendant(s): Statement of Undisputed Facts:</u>
There is no third-party defendant.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff is the owner of the "LAVATEC" trademark.
2. Plaintiff has never authorized the Maxi-Press Defendants to utilize the "LAVATEC" Trademark in any manner.
3. On or about November 23, 2016, Reiner Schmelcher personally arranged for the opening of its bank accounts.
4. Maxi-Press started to engage in the spare parts business only after it received the spare parts from Voss.

## V. Case Management Plan

### A. Initial Disclosures

Initial disclosures will be served by June 7, 2019.

### B. Scheduling Conference

1. The parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

C. <u>Early Settlement Conference</u>

1. The Parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The Parties do not request an early settlement conference.

3. All defendants prefer a settlement conference, when such conference is held, with a magistrate judge.

4. No defendants request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. <u>Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings</u>

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff should be allowed until June 14, 2019 to file motions to join additional parties and until July 12, 2019 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable Rules, a showing of good cause for the delay.

2. Defendants should be allowed until June 3, 2019 to file motions to join additional parties. Voss, Wieap and Finlog have filed an Answer to the Complaint. The Maxi-Press Defendants have filed an Answer and Counterclaim in response to the Complaint. Plaintiff has filed a motion to dismiss the Counterclaims, which is pending. The Maxi-Press Defendants,

in response to the Motion to Dismiss, have filed a Motion for Leave to Amend the Counterclaims to address the issues raised in Plaintiff's Motion to Dismiss and an accompanying objection on the basis that a motion for leave has been filed. That Motion for Leave to Amend is currently pending before the Court and no objection thereto has been filed.

Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

E. <u>Discovery</u>

1. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the Plaintiff wishes to apprise the Court of the following information regarding the "needs of the case":

> This case primarily involves (1) a comparison between the businesses of Voss and Maxi-Press, and (2) an examination of the transfers made by Voss. As such, it is expected that discovery will primarily be required from Voss and Maxi-Press. Given that Voss is no longer an operating business, discovery may be required from third-party custodians. The Parties will likely require discovery from foreign nationals who may not be willing to travel to the United States.

2. The Parties will likely require discovery from foreign nationals who may not be willing to travel to the United States.

3. The Parties anticipate that discovery will be needed on the following subjects:

a. Plaintiff's claim that Maxi-Press is a mere continuation or reincarnation of Voss;

b. Plaintiff's claim that transactions between Maxi-Press and Voss was fraudulent or made for the purpose of escaping liability;

c. Plaintiff's claim that the transaction between Maxi-press and Voss amounted to a consolidation or merger;

d. The various fraudulent transfers alleged in the Complaint, including discovery concerning whether Voss was insolvent at the time of each transfer or was rendered insolvent thereby;

e. Plaintiff's claim that the Maxi-Press Defendants are unlawfully using the "LAVATEC" trademark;

f. Defendants' assertion that Defendants entered into a valid APA and paid reasonably equivalent value in connection with the APA, and are bound by its terms;

g. Defendants' claim that Lavatec employees intentionally, falsely and maliciously, have made disparaging comments about the quality of Defendants' products.

Additionally, Voss, Wieap and Finlog will pursue discovery concerning Plaintiff's conduct relating to the attempted settlement of the Prior Action.

4. Discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), be completed by May 8, 2020. Defendants note that many witnesses are located

9

outside of the United States and, accordingly, service pursuant to the Hague Convention may be required. Such service is a lengthy and arduous process that takes months. Accordingly, adequate time must be allocated for both service of process and the scheduling of discovery, including the taking of depositions.

5. Discovery will not be conducted in phases.

6. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: N/A.

7. The Defendants anticipate that they will require between eight (8) and ten (10) depositions of fact witnesses. Plaintiff anticipates that it will require between four (4) and six (6) depositions of fact witnesses. The depositions will be completed by May 8, 2020

8. The parties will not request permission to serve more than 25 interrogatories.

9. Plaintiff intends to call expert witnesses at trial. All defendants intend to call expert witnesses at trial.

10. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by February 7, 2020. Depositions of any such experts will be completed by March 6, 2020.

11. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do

not bear the burden of proof by April 8, 2020. Depositions of all such experts will be completed by May 8, 2020.

12. A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 8, 2020.

13. Written discovery will be completed, not propounded, by May 8, 2020.

14. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

- Counsel for all parties will instruct their clients to preserve electronically stored information on existing servers in their respective possession, custody, and control related to the discovery issues listed above. Additionally, Maxi-Press will preserve all electronically stored information that it has received from Voss, regardless of subject matter.

- The parties propose to discuss search terms for electronically stored information after they have more information concerning each other's documents and the scope of discovery sought. The parties agree to produce documents in the following formats:
  - Hard copy: single page searchable TIFF files, at least 300 dpi, to have beginning and end boundaries.
  - ESI: to the extent practicable, either native format or, single page searchable TIFF files, at least 300 dpi, to have beginning and end boundaries. If practicable, unredacted databases and spreadsheets are to be produced in native format without metadata and redacted databases and spreadsheets are to be produced in searchable TIFF format.
  - Metadata will include, if and to the extent available, at least:
    - Starting Production Number
    - Ending Production Number
    - Begattach
    - Endattach
    - page count
    - to
    - from
    - cc
    - bcc
    - custodian
    - subject
    - sent date
    - author
    - file name

15. Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

- Maxi-Press will preserve all communications with Voss and all documents that it has received from Voss, relating to the subject matter of this action.

16. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

a. Subject to the limitations imposed by subsection b. immediately below, the parties will comply with the requirements of Rule 26(b)(5) and Local Rule 26(e).

b. The parties hereby stipulate that the privilege logs referenced in the above-referenced rules do not apply to, and need not include, claims of privilege or work product protection: (i) communication solely between a party and its outside counsel occurring on or after the date this action was commenced; (ii) work product of outside counsel created on or after the date this action was commenced; (iii) communication solely between a party to the Prior Action and its outside counsel concerning the Prior Action; (iv) work product of outside counsel created in connection with the Prior Action.

c. For purposes of subsection b. immediately above, "outside counsel" shall include, but not be limited to, counsel who have appeared in this litigation, as well as other attorneys, paralegals, and/or employees of their respective law firms.

F. <u>Other Scheduling Issues</u>

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]:

- The Parties agree that the above schedule may need to be modified if: (1) issues arise concerning accessibility to Voss's records, or (2) if issues arise concerning accessibility to foreign deponents who cannot be produced by counsel.

G. <u>Summary Judgment Motions</u>

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before June 19, 2020.

H. <u>Joint Trial Memorandum</u>

If no summary judgment motions are filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by July 10, 2020. If one or more summary judgment motions are filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 45 days after the Court rules on those Motions.

## VI. **Trial Readiness**

The case will be ready for trial by August 7, 2020, or 30 days following the submission of the Joint Trial memorandum, whichever is later.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| THE PLAINTIFF, | THE DEFENDANTS<br>MAXI-PRESS ELASTOMERIC, INC.,<br>REINER SCHMELCHER and<br>HECTOR ALEJANDRO |
| By: /s/ David A. Slossberg<br>David A. Slossberg (CT 13116)<br>David C. Shufrin (CT 29230)<br>Hurwitz, Sagarin, Slossberg & Knuff LLC<br>147 North Broad Street<br>Milford, CT 06460<br>Telephone: (203) 877-8000<br>Fax: (203) 878-9800<br>DSlossberg@hssklaw.com<br>DShufrin@hssklaw.com | By: /s/ John F. Carberry<br>John F. Carberry (CT 02881)<br>Cummings & Lockwood LLC<br>6 Landmark Square<br>Stamford, CT 06901<br>Telephone: (203) 351-4280<br>Fax: (203) 708-3933<br>JCarberry@cl-law.com |
| and<br><br>Klein Moynihan Turco LLP<br>450 Seventh Avenue<br>New York, NY 10123<br>Telephone: (212) 246-0900 | and<br><br>By: /s/ Moritz Schumann<br>Moritz Schumann (admitted *pro hac vice*)<br>Schumann Burghart LLP<br>1500 Broadway, Suite 1902<br>New York, NY 10036<br>Telephone: 646-502-5944<br>mschumann@sbuslaw.com |

THE DEFENDANTS,
VOSS LAUNDRY SOLUTIONS, FINLOG
SA and WIEAP BEHEER B.V.

By: /s/ Amanda C. Nugent
Amanda C. Nugent (ct27584)
Carmody Torrance Sandak & Hennessey LLP
195 Church Street, 18th Floor
P.O. Box 1950
New Haven, CT 06509-1950
Telephone: (203) 777-5501
Facsimile: (203) 784-3199
E-mail: anugent@carmodylaw.com

Dated: May 30, 2019

## CERTIFICATE OF SERVICE

This is to certify that on May 30, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

/s/ John F. Carberry
John F. Carberry

5180674_1.docx 5/30/2019