**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LAVATEC LAUNDRY TECHNOLOGY, GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:18-cv-02108 (SRU) |
| | ) | |
| v. | ) | |
| | ) | |
| MAXI-PRESS ELASTOMERIC, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | October 24, 2019 |

**DEFENDANTS MAXI-PRESS ELASTOMERIC, INC.,
REINER SCHMELCHER AND HECTOR ALEJANDRO'S
AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants Maxi-Press Elastomeric, Inc. ("Maxi-Press"), Reiner Schmelcher ("Mr. Schmelcher") and Hector Alejandro ("Mr. Alejandro") (collectively "Defendants"), by and through their undersigned counsel, hereby respectfully submit the following Amended Answer, Affirmative Defenses and Counterclaims to the Complaint dated December 21, 2018 ("Complaint") filed by the Plaintiff, Lavatec Laundry Technology, GmbH ("Plaintiff' or "Lavatec"). Defendants' Counterclaims raise violation of CUTPA, C.G.S. § 42-110b(a) *et seq*., common law unfair trade practices, interference with contract, interference with a business expectancy and slander. To the extent any allegation in the Complaint is not specifically addressed herein, it is denied.

## COMPLAINT

### I.    NATURE OF THE ACTION

1.  Defendants lack information or knowledge sufficient to admit or deny Paragraph 1 and therefore deny the same.

2.   Defendants lack information or knowledge sufficient to admit or deny Paragraph 2 and therefore deny the same.

3.   Defendants lack information or knowledge sufficient to admit or deny Paragraph 3 and therefore deny the same.

4.   Defendants lack information or knowledge sufficient to admit or deny Paragraph 4 and therefore deny the same.

5.   Defendants lack information or knowledge sufficient to admit or deny Paragraph 5 and therefore deny the same.

6.   Defendants admit Paragraph 6 to the extent it states that Plaintiff has initiated the present action against Defendants and others.  Defendants deny the remainder of Paragraph 6 to the extent it asserts allegations against Defendants.

7.   Defendants admit Paragraph 7 to the extent it states that Plaintiff has initiated the present action against Defendants and others.  Defendants deny the remainder of Paragraph 7 to the extent it asserts allegations against Defendants.

8.   Defendants admit Paragraph 8 to the extent it states that Plaintiff has initiated the present action against Defendants and others.  Defendants deny the remainder of Paragraph 8 to the extent it asserts allegations against Defendants.

**II.    PARTIES**

9.   Defendants lack information or knowledge sufficient to admit or deny Paragraph 9 and therefore deny the same.

10.   Paragraph 10 is admitted.

11.   Paragraph 11 is admitted.

12.   Paragraph 12 is admitted.

13.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 13 and therefore deny the same.

14.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 14 and therefore deny the same.

15.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 15 and therefore deny the same.

16.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 16 and therefore deny the same.

17.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 17 and therefore deny the same.

**III.     VENUE AND JURISDICTION**

18.     Paragraph 18 does not contain allegations against Defendants.

19.     Paragraph 19 does not contain allegations against Defendants.

20.     Paragraph 20 does not contain allegations against Defendants.

21.     Paragraph 21 does not contain allegations against Defendants.

22.     Paragraph 22 does not contain allegations against Defendants.

**IV.     FACTUAL BACKGROUND**

**a.     The Plaintiff's Trademark**

23.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 23 and therefore deny the same.

24.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 24 and therefore deny the same.

25.     Paragraph 25 is admitted.

26.     Paragraph 26 is admitted.

27.     Paragraph 27 is admitted.

28.     Paragraph 28 is admitted.

29.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 29 and therefore deny the same.

30.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 30 and therefore deny the same.

31.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 31 and therefore deny the same.

**b.     The Infringement Action and the Aborted Settlement**

32.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 32 and therefore deny the same.

33.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 33 and therefore deny the same.

34.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 34 and therefore deny the same.

35.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 35 and therefore deny the same.

36.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 36 and therefore deny the same.

37.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 37 and therefore deny the same.

38.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 38 and therefore deny the same.

39.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 39 and therefore deny the same.

40.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 40 and therefore deny the same.

41.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 41 and therefore deny the same.

42.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 42 and therefore deny the same.

     **c.      Voss Fraudulently Transferred its Business & Assets to Maxi-Press**

43.     Paragraph 43 is admitted to the extent it states that Defendants had contact with principals in Germany in the summer of 2016 regarding forming a new Maxi-Press entity.  The remainder of Paragraph 43 is denied.

44.     Paragraph 44 is admitted regarding the opening of bank accounts and that Mr. Schmelcher and Mr. Alejandro are employees.  The remainder of Paragraph 44 is denied.

45.     Paragraph 45 is admitted to the extent it states that Mr. Schmelcher and Mr. Alejandro were employees, but denies that Mr. Schmelcher was involved in sales and that Mr. Schmelcher and Mr. Alejandro were the "sole" employees.

46.     Paragraph 46 is admitted to the extent it states that Philippe D'heygere, his wife Silvie D'heygere, Willem Goudkuil and his nephew, Ronald van Delden travelled to Connecticut in or around December 2016 to meet with Mr. Schmelcher and Mr. Alejandro.  The remainder of Paragraph 46 is denied.

47.     Paragraph 47 is admitted.

48.     Paragraph 48 is denied.

49.     Paragraph 49 is admitted.

50.     Paragraph 50 is denied.

51.     Paragraph 51 is admitted.

52.     Paragraph 52 is admitted to the extent it states that Voss entered into an Asset Purchase Agreement with Maxi-Press.  Defendants lack information or knowledge sufficient to admit or deny the referenced court scheduling date and therefore deny the same.

53.     Defendants state that Paragraph 53 refers to a legal document that speaks for itself.

54.     Defendants state that Paragraph 54 refers to a legal document that speaks for itself.

55.     Paragraph 55 is denied.

56.     Paragraph 56 is denied.

57.     Paragraph 57 is admitted to the extent that it states that Mr. Schmelcher and Mr. Alejandro had access to the Voss warehouse.  The remainder of paragraph 57 is denied.

58.     Paragraph 58 is admitted, but denied to the extent it states and/or implies that actions were exclusive to Voss vendors.

59.     Paragraph 59 is admitted to the extent it states that Defendants shipped a spare part to a customer, but denied to the extent that it states/implies that Defendants honored a warranty for Voss.

60.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 60 and therefore deny the same.

61.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 61 and therefore deny the same.

62.     Paragraph 62 refers to a legal document that speaks for itself.

63.     Defendants admit that the closing for the Asset Purchase Agreement was scheduled for March 14, 2017.  Defendants lack information or knowledge sufficient to admit or deny the referenced court scheduling date and therefore deny the same.

64.     Defendants admit that $250,000 was wired to Voss on March 14, 2017.

65.     Paragraph 65 is denied.

66.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 66 and therefore deny the same.

67.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 67 and therefore deny the same.

68.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 68 and therefore deny the same.

69.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 69 and therefore deny the same.

70.     Paragraph 70 is admitted.

71.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 71 and therefore deny the same.

72.     Paragraph 72 is admitted.

73.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 73 and therefore deny the same.

**d.      The Judgment & Voss' Continued Efforts to Evade Payment**

74.     Defendants lack information or knowledge sufficient to admit or deny the referenced court scheduling date and therefore deny the same.  To the extent Paragraph 74 refers to a public record, said record speaks for itself.

75.     Paragraph 75 is admitted.

76.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 76 and therefore deny the same.

77.     Defendants lack information or knowledge sufficient to admit or deny the referenced court scheduling date and therefore deny the same.

78.     Defendants lack information or knowledge sufficient to admit or deny Paragraph 78 and therefore deny the same.

**e.      The Maxi-Press Defendants Are Unlawfully Using the LAVATEC Mark**

79.     Paragraph 79 is denied.

80.     Paragraph 80 is denied.

81.     Paragraph 81 is denied.

82.     Paragraph 82 is denied.

83.     Paragraph 83 is denied.

84.     Paragraph 84 is denied.

85.     Paragraph 85 refers to a document that speaks for itself.

86.     Paragraph 86 is denied.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied.

89.     Paragraph 89 is denied.

**f.      Mr. Alejandro Has Knowingly Authorized, Directed, and/or Participated in Maxi-Press' Trademark Infringement**

90.      Paragraph 90 is admitted.

91.      Paragraph 91 is admitted.

92.      Paragraph 92 is denied.

93.      Paragraph 93 is admitted.

94.      Paragraph 94 is denied.

95.      Paragraph 95 is admitted.

96.      Paragraph 96 is denied.

97.      Paragraph 97 is denied.

98.      Paragraph 98 is admitted.

99.      Paragraph 99 is denied.

100.     Paragraph 100 is denied.

101.     Paragraph 101 is denied to the extent it directs allegations against Mr. Alejandro. To the extent Paragraph 101 recites legal case law, such authority speaks for itself and requires no response.

**g.      Mr. Schmelcher Has Knowingly Authorized, Directed, and/or Participated in Maxi-Press' Trademark Infringement**

102.     Paragraph 102 is admitted.

103.     Paragraph 103 is admitted.

104.     Paragraph 104 is admitted.

105.     Paragraph 105 is admitted.

106.     Mr. Schmelcher admits that he became aware of the Ruling and Order but not

until on or after January 18, 2018.

107.   Paragraph 107 is admitted.

108.   Paragraph 108 is admitted to the extent that it asserts that Mr. Schmelcher was involved in purchasing assets from Voss, but denies that the purchase infringed on the Lavatec mark.

109.   Paragraph 109 is denied.

110.   Paragraph 110 is admitted.

111.   Paragraph 111 is denied.

112.   Paragraph 112 is denied.

113.   Paragraph 113 is admitted to the extent it asserts that Plaintiff sent a cease and desist letter on May 22, 2018, the content of which speaks for itself.

114.   Paragraph 114 is admitted.

115.   Paragraph 115 is admitted to the extent it asserts that a disclaimer was added to the Maxi-Press websites, but denies the remainder of the allegations.

116.   Paragraph 116 is denied.

117.   Paragraph 117 is admitted to the extent it asserts that websites include the language "Make: Lavatec."  The remainder of Paragraph 117 is denied.

118.   Paragraph 118 is denied to the extent it directs allegations against Mr. Schmelcher.  To the extent Paragraph 118 recites legal case law, such authority speaks for itself and requires no response.

## FIRST CAUSE OF ACTION
Successor Liability
(as to Maxi-Press)

119.   Defendants repeat and reassert their responses to Paragraph 1-118 above as if

fully set forth herein.

120.   Paragraph 120 is denied.

121.   Paragraph 121, including Subparagraphs a-d, is denied.

122.   Paragraph 122 is denied.

## SECOND CAUSE OF ACTION
Intentional Fraudulent Transfer
(as to all Defendants)

123.   Defendants repeat and reassert their responses to Paragraph 1-122 above as if fully set forth herein.

124.   Defendants admit Paragraph 124 to the extent that it asserts an Asset Purchase Agreement was entered into, which is a legal document that speaks for itself.  Defendants lack information or knowledge sufficient to admit or deny the remainder of Paragraph 124 and therefore deny the same.

125.   Paragraph 125 is denied.

126.   Paragraph 126 is denied.

127.   Paragraph 127 is denied.

128.   Defendants lack information or knowledge sufficient to admit or deny Paragraph 128 and therefore deny the same.

129.   Paragraph 129 is denied.

## THIRD CAUSE OF ACTION
Constructive Fraudulent Trust
(as to all Defendants)

130.   Defendants repeat and reassert their responses to Paragraph 1-129 above as if fully set forth herein.

131.   Paragraph 131 is denied.

132.    Defendants lack information or knowledge sufficient to admit or deny Paragraph 132 and therefore deny the same.

133.    Defendants lack information or knowledge sufficient to admit or deny Paragraph 133 and therefore deny the same.

134.    Defendants lack information or knowledge sufficient to admit or deny Paragraph 134 and therefore deny the same.

135.    Paragraph 135 is denied.


**FOURTH CAUSE OF ACTION**
**Fraudulent Transfer to Insiders**
(as to Voss and the Voss Affiliates)

136.    Paragraphs 136-143 are not directed to Defendants and accordingly require no response.   To the extent said Paragraphs may be construed to assert allegations against Defendants, said Paragraphs are denied.


**FIFTH CAUSE OF ACTION**
**Intentional Fraudulent Transfer**
(as to Voss and the Voss Affiliates)

144.    Paragraphs 144-149 are not directed to Defendants and accordingly require no response.   To the extent said Paragraphs may be construed to assert allegations against Defendants, said Paragraphs are denied.


**SIXTH CAUSE OF ACTION**
**Constructive Fraudulent Trust**
(as to Voss and the Voss Affiliates)

150.    Paragraphs 150-155 are not directed to Defendants and accordingly require no

response.   To the extent said Paragraphs may be construed to assert allegations against Defendants, said Paragraphs are denied.


## SEVENTH CAUSE OF ACTION
## Trademark Infringement and Unfair Competition
### (as to the Maxi-Press Defendants)

156.    Defendants repeat and reassert their responses to Paragraph 1-155 above as if fully set forth herein.

157.    Paragraph 157 is denied.

158.    Paragraph 158 is denied.

159.    Paragraph 159 is admitted to the extent it asserts Plaintiff has expressed objection to any unauthorized use of the Lavatec Mark.

160.    Paragraph 160 is denied.

161.    Paragraph 161 is denied.

162.    Paragraph 162 is not directed to Defendants.  To the extent Paragraph 162 may be construed to contain allegations against Defendants, said allegations are denied.


## EIGHTH CAUSE OF ACTION
## Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)
### (as to the Maxi-Press Defendants)

163.    Defendants repeat and reassert their responses to Paragraph 1-162 above as if fully set forth herein.

164.    Defendants lack information or knowledge sufficient to admit or deny Paragraph 164 and therefore deny the same.

165.    Paragraph 165 is denied.

166.    Paragraph 166 is denied.

167.    Paragraph 167 is denied.

168.    Paragraph 168 is denied.

169.    Paragraph 169 is denied.

170.    Paragraph 170 is denied.

171.    Paragraph 171 is denied.


**NINTH CAUSE OF ACTION**
**Common Law Unfair Competition**
(as to the Maxi-Press Defendants)

172.    Defendants repeat and reassert their responses to Paragraph 1-171 above as if fully set forth herein.

173.    Defendants lack information or knowledge sufficient to admit or deny Paragraph 173 and therefore deny the same.

174.    Paragraph 174 is denied.

175.    Paragraph 175 is denied.

176.    Paragraph 176 is denied.

177.    Paragraph 177 is denied.

178.    Paragraph 178 is denied.

179.    Paragraph 179 is denied.


**TENTH CAUSE OF ACTION**
**Violation of the Connecticut Unfair Trade Practices Act**
(as to the Maxi-Press Defendants)

180.    Defendants repeat and reassert their responses to Paragraph 1-179 above as if

14

fully set forth herein.

181.    Paragraph 181 is denied.

182.    Paragraph 182 is denied.

183.    Paragraph 183 is denied.

184.    Paragraph 184 is denied.

185.    Paragraph 185 is denied.

186.    Paragraph 186 is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants entered into a valid Asset Purchase Agreement, paid reasonably equivalent value in connection with the Asset Purchase Agreement, and are bound by its terms.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claimed amount of damages, if any, are to be offset by damages Defendants have incurred as a result of Plaintiff's acts as set forth in Defendants' Counterclaims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted as to all counts.

## COUNTERCLAIMS

### Counterclaim I - Violation of the Connecticut Unfair Trade Practices Act

1.      Defendants entered into an Asset Purchase Agreement dated March 7, 2017 (the "APA")  with Defendant Voss Laundry Solutions, Inc. ("Voss") for the purchase of Voss' spare parts inventory.

2.      Defendants paid reasonably equivalent value in exchange for the inventory.

3.      Lavatec has knowingly and willfully interfered with Defendants' right to act in accordance with the APA.

4.      Lavatec employees intentionally, falsely and maliciously have made disparaging comments about the quality of Defendants' products, including products especially developed by Maxi-Press that have proven to be superior and reliable in the market.

5.      On or about late February 2019, Keith Ware (Lavatec Vice President of Sales) and Edwin Schrijvers (Lavatec Service Manager) visited Marriott Marquis located at 265 Peachtree Center, Atlanta, Georgia ("Marriott Marquis").

6.      Marriott Marquis is a customer of Defendants.

7.      While visiting Marriott Marquis, Mr. Ware and Mr. Schrijvers commented that: (a)  Marriott Marquis should buy drive wheels used on its tunnel washer from Plaintiff because Plaintiff is the original equipment manufacturer, the quality of its product is superior to Defendants' product, and its product lasts longer than Defendants' product and (b) membranes manufactured by Defendants installed on Marriott Marquis' press equipment are of poor quality and only Plaintiff sells the original membranes which are of better quality.

8.      The statements set forth in Paragraph 7 above are grossly inaccurate and disparaging.

9.      Defendants believe that through discovery in this action they will uncover proof that Plaintiff has similarly disparaged Defendants' products to other customers of Defendants.

10.     Defendants have expended time and resources in an effort to obtain an excellent reputation and goodwill in the industry.

11.     At all times relevant hereto, Lavatec's conduct was intentional and in wanton violation of Defendants' rights, or was done with reckless disregard for those rights.

12.     The foregoing acts and practices by Lavatec constitute unfair competition and unfair and deceptive acts or practices in violation of CUTPA, C.G.S. § 42-110b(a) *et seq.*

13.     As a result of Lavatec's unfair and deceptive conduct and practices, Defendants have suffered and will continue to suffer ascertainable loss and money damages.

### Counterclaim II - Common Law Unfair Competition

14.     Defendants repeat and reassert the allegations contained in Paragraphs 1-13 above as if fully set forth herein.

15.     Lavatec has knowingly, willfully and wantonly interfered with Defendants' rights under the APA.

16.     Lavatec has knowingly, willfully, falsely and wantonly made disparaging comments about Maxi-Press products.

17.     As a result of Lavatec's conduct, Defendants have suffered money damages.

### Counterclaim III - Tortious Interference with Contract

18.     Defendants repeat and reassert the allegations contained in Paragraphs 1-17 above as if fully set forth herein.

19.     Lavatec's actions constitute intentional and malicious interference with Defendants' rights under the APA.

20.     As a result of Lavatec's actions, Defendants have been damaged.

### **Counterclaim IV - Tortious Interference with a Business Expectancy**

21.     Defendants repeat and reassert the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

22.     Lavatec has maliciously and falsely made disparaging comments about the quality of Maxi-Press products to customers of Maxi-Press.

23.     Lavatec's actions constitute intentional and malicious interference with Defendants' business expectancy.

24.     As a result of Lavatec's actions, Defendants have been damaged.

### **Counterclaim V - Slander**

25.     Defendants repeat and reassert the allegations contained in Paragraphs 1-24 above as if fully set forth herein.

26.     Lavatec has deliberately, maliciously and falsely made defamatory statements about Maxi-Press products.

27.     Lavatec's defamatory statements are of the type that will diminish the esteem, confidence and goodwill in Defendants and Defendants' products.

WHEREFORE, Defendants and Counterclaimants pray for judgment as follows:

1.     Monetary damages;

2.     An order enjoining and restraining Lavatec and its employees from making defamatory and false statements about Defendants and Defendants' products;

3.     An award of damages, including but not limited to any attorneys' fees and costs;

4.     Punitive damages pursuant to C.G.S. § 42-110g(a) *et seq.*;

5.     Reasonable attorney's fees and costs pursuant to C.G.S. § 42-110g(a) *et seq.*;

6.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

THE DEFENDANTS,
MAXI-PRESS ELASTOMERIC, INC.,
REINER SCHMELCHER and
HECTOR ALEJANDRO

BY THEIR ATTORNEYS

/s/ John F. Carberry
John F. Carberry (ct02881)
CUMMINGS & LOCKWOOD LLC
6 Landmark Square
Stamford, CT 06901
Phone: 203-351-4280
Fax: 203-708-3933
E-mail: jcarberry@cl-law.com

- and -

SCHUMANN BURGHART LLP

/s/ Moritz Schumann
Moritz Schumann
1500 Broadway
Suite 1902
New York, NY 10036
Phone: 646-502-5944
Fax: 646-530-8286
E-mail: mschumann@sbuslaw.com

## **CERTIFICATE OF SERVICE**

I, John F. Carberry, attorney for Defendants Maxi-Press Elastomeric, Inc., Reiner Schmelcher and Hector Alejandro, do hereby certify that on October 24, 2019, this AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF system.


/s/ John F. Carberry
John F. Carberry (ct02881)
CUMMINGS & LOCKWOOD LLC
6 Landmark Square
Stamford, CT 06901
Phone: 203-351-4280
Fax: 203-708-3933
E-mail: jcarberry@cl-law.com

3578494_1.docx 10/24/2019